IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. SMITH, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 14-1082-JDB-egb |
| MIKE PARRIS, | ) | |
| Respondent. | ) | |

ORDER TO MODIFY THE DOCKET,
GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") filed by Petitioner, Matthew C. Smith, Tennessee Department of Correction prisoner number 465320, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, (Docket Entry ("D.E.") 1), and Respondent's Renewed Motion to Dismiss the Time-Barred Habeas Petition (D.E. 16; D.E. 17), filed by Henry Steward, the previous Warden of the NWCX.[1] For the reasons stated below, the Court GRANTS the Motion to Dismiss and DENIES the § 2254 Petition.

---

[1] The Clerk is directed to substitute current NWCX Warden Mike Parris for Henry Steward as respondent in this action. *See* Fed. R. Civ. P. 25(d).

I.       BACKGROUND

   A.       State Court Procedural History

On August 3, 2009, a grand jury in Madison County, Tennessee, returned a four-count indictment against Smith. (D.E. 13-1 at 6–9.) Count 1 charged Smith with the attempted especially aggravated kidnapping of I.H., a child under the age of thirteen years. (*Id.* at 7.)[2] Petitioner was charged in Count 3 with the attempted especially aggravated kidnapping of B.J., a child under the age of thirteen years. (*Id.* at 8.) Count 4 charged Smith with attempted rape of a child, namely, B.J. (*Id.* at 9.) On or about January 8, 2010, the parties entered into a plea agreement whereby the inmate would plead guilty to Counts 1 and 3 in exchange for concurrent sentences of eight years at 30% on each count. (D.E. 13-1 at 29–30.) Judgments were entered on January 19, 2010. (D.E. 15-1 at 77–78.) Smith did not appeal.

The § 2254 Petition reflects that Smith did not file any collateral challenge to his convictions and sentences. (D.E. 1 at 3.)

   B.       Procedural History of Smith's § 2254 Petition

On April 8, 2014, Petitioner filed his *pro se* complaint, accompanied by the habeas filing fee. (D.E. 1; D.E. 2.) In an order issued on April 30, 2014, the Court directed Respondent to file a response to the Petition within twenty-three days. (D.E. 4.) The order stated that "[t]he response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief." (*Id.* at 1.)

On June 9, 2014, the Warden filed a Motion to Dismiss the § 2254 Petition as time-barred. (D.E. 9.) He did not comply with the order to file the state-court record, and he provided no explanation for his failure to do so. The Court issued an order on July 3, 2014, denying Respondent's

---

[2]The record does not include Count 2 of the indictment.

motion to dismiss without prejudice and directing him, for the second time, to file the state-court record and a response to the § 2254 Petition. (D.E. 10.)

On July 31, 2014, the Warden filed a portion of the state-court record. (D.E. 13.) He filed the judgments and a Renewed Motion to Dismiss the Time-Barred Habeas Petition on August 11, 2014. (D.E. 15; D.E. 16; D.E. 17.) Petitioner has not responded to the motion, and the time for a response has expired.

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

In his Petition, Smith raises the following issues:

1. "There is no offense listed as Attempted Especially Aggravated Kidnapping,"

    (D.E. 1 at 5), and

2. "Ineffective Assistance of Counsel," (*id.* at 6).

## III. RESPONDENT'S MOTION TO DISMISS

The basis of the Warden's motion to dismiss is that Smith's petition is untimely. (D.E. 16 at 1; D.E. 17 at 3–4.) Twenty-eight U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Smith did not appeal his convictions, they became final no later than the expiration of the time for taking a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *Jiminez v. Quarterman*, 555 U.S. 113, 118–19 (2009). The judgments were entered on January 19, 2010. The time for taking a direct appeal expired thirty days later, on February 18, 2010, Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final 30 days after acceptance of the plea agreement and imposition of sentence), at which time the running of the limitations period began. Because Smith filed no collateral challenge to his convictions, the limitations period expired one year later, on February 18, 2011. His petition was filed on April 8, 2014, more than three years too late.[3]

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation omitted) (internal quotation marks omitted). The § 2254 limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784 (citation omitted); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "The party seeking equitable tolling bears the burden of proving he is

---

[3]Section 2244(d)(1) provides that the limitations period begins to run from the *latest* of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his convictions became final.

entitled to it." *Robertson*, 624 F.3d at 784 (citation omitted). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Smith did not file a response to the Motion to Dismiss in which he claimed to be entitled to equitable tolling. In the section of the § 2254 Petition addressing the timeliness of the filing, he wrote, "The judge allowed me to plea [sic] guilty to a non-titled criminal offense, and this tribunal is the only avenue of relief." (D.E. 1 at 13.) Petitioner's apparent ignorance of the law is insufficient to entitle him to equitable tolling. *Plummer v. Warran*, 463 F. App'x 501, 506 (6th Cir. 2012) ("[T]he district court correctly concluded that the reasons [the petitioner] actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling"), *cert. denied*, 133 S. Ct. 169 (2012); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* prisoner, is not grounds to toll the statute."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("[The petitioner]'s lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Therefore, Smith is not entitled to equitable tolling.

The Court GRANTS Respondent's Renewed Motion to Dismiss. The § 2254 Petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

**IV.     APPEAL ISSUES**

There is "no absolute entitlement to appeal a district court's denial of [a § 2254] petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (per curiam). The Court "must issue or deny a certificate of appealability [("COA")] when it

5

enters a final order adverse to" a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," and the COA must indicate the "specific issue or issues" that satisfy the required showing. 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *See Bradley*, 156 F. App'x at 773–74.

In this case, there can be no question that the § 2254 Petition is time-barred. Because any appeal by Petitioner on the issues raised in the § 2254 Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that

any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[4]

IT IS SO ORDERED this 2nd day of February, 2015.

                                                     s/ J. DANIEL BREEN
                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).